# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MICHELLE BARNETT, | : | No. 3:18cv637 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| NANCY A. BERRYHILL, | : | |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Martin C. Carlson's report and recommendation (hereinafter "R&R") which proposes vacating the decision of the Commissioner denying the plaintiff's claim for social security disability insurance benefits pursuant to Title II of the Social Security Act. (Doc. 15). The plaintiff's action is brought under § 1383(c)(3) of the Social Security Act and 42 U.S.C. § 405(g). The matter is fully briefed and ripe for disposition.

**Background**

Plaintiff Michelle Barnett began her quest for benefits under Title II of the Social Security Act on October 1, 2015, when she filed an application for disability claiming that she was disabled due to spinal disorders and osteoarthritis. (Doc. 15, R&R at 1). Plaintiff Barnett alleges that her disability began November 30, 2009. (Id.) As the plaintiff was in her fifties, she attained

advanced age status under the Commissioner's regulations. (Id.) After the Social Security Administration (hereinafter "SSA") denied plaintiff's application on August 8, 2014, the plaintiff requested a hearing before an Administrative Law Judge (hereinafter "ALJ"). (Id. at 2).

At the hearing on September 11, 2017, the ALJ learned about two conflicting opinions that speak of the plaintiff's abilities and disabilities. (Doc. 8-13, Administrative Record at 749 (hereinafter "R at"). The first is a 2016 medical opinion written by Dr. James Kim, who treated Plaintiff Barnett on a bi-monthly basis for over six years since December 2010. (Id.) In this medical opinion, Dr. Kim concluded that Barnett's persistent, chronic, pain limited her to sitting or standing for only 15 minutes at a time, which allowed her to stand for only 2 hours during business hours. (R at 753). The doctor also opined that the plaintiff would miss more than a total of 4 days of work each month because of her disabilities. (R at 751). According to this report, these limitations would render the plaintiff disabled. The ALJ, however, afforded this opinion—the only treatment source opinion in this case—"little to no weight." (R at 23).

The second opinion is a function capacity evaluation (hereinafter "FCE") that was promulgated in 2012, which suggested that the plaintiff was capable of performing work. (R at 717). This evaluation, however, only recommended that the plaintiff could perform sedentary work on a part-time basis; it did not not

2

recommend that the plaintiff work full-time. (Id.) Additionally, during a 2013 deposition, Dr. Kim testified that the plaintiff had not fully recovered from her back injury stating: "If your goal is for her to return to her full work, no, it's a poor prognosis. If it's to try to return her to some type of sedentary work, you know, then that has a better prognosis." (R at 906). Despite these findings, the ALJ afforded great weight to the 2012 FCE, concluded that the plaintiff was not disabled, and denied her claim for disability benefits even though the FCE only recommended part-time sedentary work. (R at 23).

Plaintiff Barnett initiated the instant action on March 21, 2018, asking us to reverse the decision of the ALJ and award benefits and to remand the case back to the ALJ for a new hearing. (Doc. 1). The plaintiff seeks reversal on grounds that the ALJ's decision was not supported by substantial evidence. (Id.) Magistrate Judge Carlson reviewed the record in this case and recommends that the final decision of the Commissioner of Social Security denying the plaintiff's benefits be remanded for further consideration. (Doc. 15). The magistrate judge found that the ALJ failed to adequately explain the basis for the decision to reject the 2016 treating source opinion, while placing great weight on the November 2012 FCE as grounds for finding that the plaintiff could perform full-time sedentary work. (Id. at 5). The Commissioner filed objections to the magistrate

3

judge's R&R. (Doc. 16). On December 28, 2018, the plaintiff filed a response, bringing the case to its present posture. (Doc. 17).

**Discussion**

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is incapable of engaging in "substantial gainful activity" when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2).

The ALJ evaluates disability benefits claims with a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). This analysis requires the ALJ to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity; (2) has an impairment, or combination of impairments, that is severe; (3) has an impairment or combination of impairments that meets or equals the requirements of a "listed impairment"; (4) has the "residual functional capacity" to return to his or her past work; and (5) if not, whether he or she can perform other

work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4).

Applying the five-step sequential analysis to the instant case, the ALJ found that the plaintiff satisfied step 1 because she has not engaged in substantial gainful activity during the period from her alleged onset date of November 29, 2009 through her date last insured of March 31, 2013.  (R at 18).  At Step 2, he found that the plaintiff had the following severe impairments:  spinal disorders and osteoarthritis.  (Id.)  Despite this, at Step 3, the ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Id.)

The ALJ next determined that the plaintiff has the residual functional capacity (hereinafter "RFC") to perform a limited range of sedentary work with the following limitations: the plaintiff may sit for six hours in an eight-hour workday and stand and/or walk for two hours in an eight-hour workday; and, she may do overhead reaching and overhead activities "only occasionally."  (R at 19).  The ALJ then proceeded to Step 4 of the sequential evaluation where he found that the plaintiff was "unable to perform any past relevant work."  (R at 23).  The ALJ identified past relevant work as a supply clerk, a hostess/dietary aide, and a fast food manager.  (Id.)

Finally, at Step 5, the ALJ determined that because the plaintiff's age, education, work experience, and residual functional capacity, she had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. (R at 24). The ALJ concluded that the plaintiff could work as a switchboard operator, a telephone solicitor, and a taxi cab starter. (Id.) A vocational expert testified at the hearing before the ALJ that these jobs exist in the national economy for an individual with the plaintiff's age, education, work experience, and residual functional capacity. (Id.) As such, because the ALJ concluded that the plaintiff is capable of making a successful adjustment to other work, he determined that the plaintiff does not qualify as a disabled individual. (R at 25). The plaintiff then filed the instant appeal.

As noted above, the Clerk of Court assigned the plaintiff's appeal to Magistrate Judge Martin C. Carlson for an R&R. Magistrate Judge Carlson recommends that the final decision of the Commissioner of Social Security denying the plaintiff's benefits be remanded for further consideration. (Doc. 15). Magistrate Judge Carlson determined that the ALJ's decision to deny the plaintiff's claims for disability benefits was not supported by substantial evidence in the record. (Id. at 15). Specifically, the Magistrate judge found that the ALJ failed to adequately explain the basis for the decision to reject the 2016 treating

source opinion, while placing great weight on the 2012 FCE as grounds for finding that the plaintiff could perform full-time sedentary work. (Id.)

The defendant objects to Magistrate Judge Carlson's R&R, asserting that the ALJ's decision—to give little to no weight to Dr. Kim's 2016 opinion, and great weight to the 2012 FCE—was supported by substantial evidence. The Commissioner argues that the ALJ's finding was supported by substantial evidence for three reasons. First, the defendant argues that the ALJ reasonably distinguished Dr. Kim's 2016 Opinion from his 2013 deposition testimony and therefore is supported by substantial evidence. (Doc. 16). Second, the Commissioner argues that the ALJ reasonably explained that Dr. Kim's opinion was inconsistent with the clinical evidence of record. (Id.) Finally, the defendant argues that it was not an independent finding of error that the ALJ afforded great weight to the 2012 FCE. (Id.) After careful consideration, we find that the Commissioner's objections have no merit.

An ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). Additionally, the ALJ is required to "indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999). ALJ's are prohibited from unilaterally rejecting medical opinions in favor of the ALJ's

7

subjective impressions. Durden v. Colvin, 191 F.Supp. 3d 429, 455 (M.D. Pa. 2016) (citing Thanh Tam Vo v. Colvin, No. 1:14CV00541, 2015 WL 5514981, at *4 (M.D. Pa. Sept. 15, 2015)).

Here, the ALJ failed to explain why he gave no weight to the only treating source opinion in this case. Conversely, the ALJ afforded great weight to the 2012 FCE, which concluded that the plaintiff could perform sedentary work on a part-time basis. The Third Circuit, however, has determined that an individual's ability to work part-time does not automatically disqualify an individual from obtaining disability benefits. Morales v. Apfel, 225 F.3d 310, 319 (3d Cir. 2000). Although the ALJ afforded great weight to the 2012 FCE, he failed to explain how he reached his conclusion that the plaintiff was not disabled and therefore not eligible for disability benefits. The 2012 FCE's recommendation that the plaintiff was available for part-time sedentary work "does not, standing alone in contrast to significant evidence of disability, preclude a finding that [the plaintiff] is disabled." While failing to explain its reasoning for rejecting the only treating source opinion in this case, the ALJ inflated the evidentiary value of the 2012 FCE in reaching its conclusion that the plaintiff is not disabled. Consequently, we find that the ALJ's conclusion that the plaintiff does not have a disability is not supported by substantial evidence.

**Conclusion**

For the foregoing reasons, we find that the ALJ's decision to deny the plaintiff's claims for supplemental security income is not supported by substantial evidence. We will overrule the commissioner's objections, adopt the Magistrate Judge's recommendation to vacate the Commissioner's decision, and remand the case back to the ALJ for further proceedings. An appropriate order follows.

**BY THE COURT:**

**Date: March 7, 2019**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**